**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

NA NATTE L. CHANEY,
             Appellant,

          v.

DEPARTMENT OF VETERANS
    AFFAIRS,
             Agency.

DOCKET NUMBER
CH-0752-14-0685-I-1

DATE: August 4, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Dale L. Ingram, Esquire, Kansas City, Missouri, for the appellant.

Michael E. Anfang, Esquire, Kansas City, Missouri, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1    The appellant has filed a petition for review of the initial decision, which sustained her removal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2       The appellant was removed from her position as an Advanced Medical Support Assistant in the cardiology outpatient clinic (Cardio Clinic) of a Veterans Affairs (VA) Medical Center on July 12, 2014, based on charges of failure to perform duties and improper information disclosure. Initial Appeal File (IAF), Tab 1. At the time of her removal, the appellant was on a team consisting of nurses and support staff in the Cardio Clinic referred to as the Cardiology PACT[2] Team. IAF, Tab 23, Hearing Compact Disc (HCD) 1. The appellant's primary responsibility within the team was to schedule appointments pursuant to the requests of providers. *Id.*; IAF, Tab 28, HCD3. After joining the Cardio Clinic, the appellant learned that she would have responsibilities also in the "Silver Clinic," which was located on a different floor. In March 2014, it became apparent that the appellant was struggling to maintain the split responsibilities and the agency relieved her of her responsibilities in the Silver Clinic and instructed her to focus on the Cardio Clinic. IAF, Tab 24, HCD2.

---

[2] PACT stands for Patient Align Care Team.

¶3      On April 11, 2014, the appellant received a written admonishment for "unacceptable customer service" provided to a veteran patient. IAF, Tab 4, Part 1 at 22-23. On April 28, 2014, the appellant received a written reprimand for "failure to follow instructions" because she had twice failed to schedule a follow-up appointment for a veteran as instructed. *Id.* at 24‑25.

¶4      On May 14, 2014, the appellant sent an email containing the name of a veteran patient to the personal email address of a union official who was not an agency employee at the time. That same day, an agency Information Security Officer notified all recipients to the email string to delete the email because it contained sensitive information. On or about May 23, 2014, a nurse or "Care Coordinator" received information that the appellant had a drawer full of yellow sheets, which are documents completed by medical providers for the scheduling of follow‑up appointments for veterans. HCD1. This information was provided to management, and a management official subsequently asked the appellant about the documents. HCD2. The appellant admitted that she had not completed the tasks associated with the yellow sheets and turned over approximately 1,000 yellow sheets. IAF, Tab 4, Part 1 at 46 through Part 5 at 139. An agency-appointed review team subsequently determined that, of the estimated 1,032 yellow sheets discovered in the appellant's office, the appellant had failed to take the necessary actions on 368 of them. IAF, Tab 4, Part 6 at 24; HCD1; HCD2; HCD3.

¶5      On May 28, 2014, the appellant was detailed to the Silver Clinic while the agency conducted an investigation into the yellow sheets. When asked about the yellow sheets in her office, the appellant admitted to not completing some of them, IAF, Tab 4, Part 6 at 5, and that she was aware that appointments had not been scheduled, *id.* at 7. Upon concluding the investigation, the agency proposed the appellant's removal based on charges of (1) failure to perform her duties in not acting upon 368 of the 1,032 yellow sheets discovered in her office, and

(2) improper information disclosure in sending an email containing a patient's name to a nonagency email address. *Id.* at 24. The appellant provided oral and written responses denying that she had failed to perform her duties and any wrongdoing associated with the email message containing a patient's name. *Id.* at 26-27. The agency removed the appellant effective July 12, 2014. The appellant filed a timely appeal.

¶6    After holding a 3-day hearing, the administrative judge issued an initial decision affirming the appellant's removal. Initial Decision (ID) at 2. After thoroughly reviewing documentary evidence and hearing testimony, the administrative judge found that, coupled with the appellant's admitting to not scheduling appointments, the agency presented sufficient evidence to establish the essence of the charge of failure to perform duties. ID at 12‑21. Regarding the charge of improper information disclosure, the administrative judge found that, prior to the hearing, the appellant stipulated that she sent an email containing the name of a veteran patient to the personal email address of a union official who was not an agency employee at the time. The administrative judge found that the agency established that the appellant did not have a legitimate reason to send an email containing a veteran's name, that the union official could have provided his assistance without the veteran's name, and that the agency treats the confidentiality of veterans' personal information very seriously. ID at 22. Thus, the administrative judge found that the agency proved the charge by preponderant evidence. ID at 23.

¶7    The administrative judge also denied the appellant's claim, raised for the first time during the hearing, that she was denied due process because the agency allegedly did not provide her with sufficient time to review the yellow sheets prior to her response to the proposed removal. ID at 24. Concluding, the administrative judge found nexus and that the penalty of removal is within the tolerable limits of reasonableness in light of the seriousness of the offenses, the

appellant's prior discipline, and her failure to accept responsibility for her actions.  ID at 25‑28.

¶8        The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 5.  The agency has filed a response.  PFR File, Tab 7.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶9        On appeal, the appellant raises various arguments in which she asserts that the administrative judge erred in sustaining Charge 1.  PFR File, Tab 5 at 6‑7.  Specifically, the appellant contends that the Cardio Clinic and the Medical Center had a history of backlogged patient appointments and that the administrative judge improperly held the appellant to an agency policy for scheduling appointments within 24 hours that was stated only in agency testimony but not reflected in any documentation.  *Id*. at 10-11.  The appellant also contends that the administrative judge improperly relied on the 664 yellow sheets that were not part of Charge 1 to support the charge.  *Id*. at 12-15, 18-21.  The appellant asserts that she had properly stored these 664 completed yellow sheets in her file cabinet, where they were found as part of the agency's investigation into her misconduct.  In addition, the appellant asserts that some of the yellow sheets at issue were completed while she was on leave, and she had made appointments for others.  *Id*. at 20.  She also asserts that there were "shenanigans" in how the 1,032 yellow sheets became a part of the record.  *Id*.

¶10       We have considered the appellant's arguments on review concerning the administrative judge's weighing of the evidence for the charged misconduct; however, we discern no reason to reweigh the evidence or substitute our assessment of the record evidence for that of the administrative judge.  *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105‑06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359

(1987) (same); *see Haebe v. Department of Justice*, [288 F.3d 1288](), 1302 (Fed. Cir. 2002) (finding that the Board may overturn an administrative judge's demeanor-based credibility determinations only when it has "sufficiently sound" reasons for doing so).

¶11    Here, the administrative judge thoroughly discussed the evidence, including the hearing testimony, and explicitly found the agency witnesses were more credible than was the appellant. In finding that there was insufficient evidence to support the appellant's explanation for her actions, the administrative judge expressed her impression, based on both the appellant's testimony and the written record that, "she thought she knew best how the Cardio Clinic should be run and she willfully refused to follow instructions from her team when she disagreed with them." ID at 19. The appellant argues that, in making this finding, the administrative judge improperly treated Charge 1 as a charge of insubordination rather than failure to "[schedule] patients within the mandated timeframes." PFR File, Tab 5 at 7-9. We disagree. The initial decision reflects that the administrative judge thoroughly considered the record evidence, including hearing testimony, in sustaining the charge of failure to perform duties, and that her well-reasoned findings regarding the appellant's testimony and the written record were consistent with a *Hillen*[3] analysis. ID at 11‑21.

¶12    In this connection, the appellant also argues that the administrative judge erred because she did not analyze all of the *Hillen* factors, citing only to the

---

[3] To resolve credibility issues, an administrative judge must identify the factual questions in dispute, summarize the evidence on each disputed question, state which version she believes, and explain in detail why she found the chosen version more credible, considering such factors as: (1) the witness's opportunity and capacity to observe the event or act in question; (2) the witness's character; (3) any prior inconsistent statement by the witness; (4) a witness's bias, or lack of bias; (5) the contradiction of the witness's version of events by other evidence or its consistency with other evidence; (6) the inherent improbability of the witness's version of events; and (7) the witness's demeanor. *Hillen v. Department of the Army*, [35 M.S.P.R. 453](), 458 (1987).

consistency of the evidence. However, an administrative judge's failure to specifically discuss each *Hillen* factor noted above does not mean that she did not consider each factor in the initial decision. *See Stein v. U.S. Postal Service,* 57 M.S.P.R. 434, 440 (1993). Here, the administrative judge performed a proper *Hillen* analysis when she considered: all of the testimony; the consistency of that testimony with the written record; the inconsistency of the appellant's testimony blaming others for the reason why the yellow sheet assignments were not completed with her statements during the agency interview admitting that she did not act on the yellow sheets; as well as any motive on the part of the witnesses to lie. While the appellant disagrees with the administrative judge's credibility determinations, mere disagreement with the administrative judge's findings does not warrant full review of the record by the Board. *Weaver v. Department of the Navy*, 2 M.S.P.R. 129, 133-34 (1980). Moreover, because the administrative judge's determinations were founded on implicit and explicit credibility determinations based on observing the demeanor of the witnesses testifying at the hearing, we see no basis upon which to disturb her findings in this regard. *Haebe*, 288 F.3d at 1301.

¶13      To the extent the appellant argues that the administrative judge's analysis of how the agency proved Charge 1 does not identify the record evidence in support of this charge or identify which specifications were sustained, we disagree. Specifically, Charge 1 consists of one specification involving the 1,032 yellow sheets found in the appellant's desk drawer and file cabinet and the appellant's failure to take action on 368 of those yellow sheets. The administrative judge thoroughly set forth the evidence and her well-reasoned findings. While the appellant disagrees with those findings, she has provided no basis upon which to disturb them.

¶14 Regarding Charge 2, the appellant asserts for the first time on review that her disclosure of a patient's name was inadvertent.[4] However, because the appellant failed to make any showing that this argument is based on new and material evidence not previously available despite her due diligence, the Board need not consider it. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). Moreover, the record reflects that, prior to the hearing, the appellant stipulated that she sent an email containing the name of a veteran patient to the personal email account of a union official who was not an agency employee at the time. ID at 3 n.4; IAF, Tab 15 at 4. As the administrative judge found, the appellant's email violated the agency's National Rules of Behavior, contained in the VA Handbook. IAF, Tab 11 at 78. Thus, the administrative judge correctly found that the agency established the specification supporting the charge of improper information disclosure. Accordingly, we conclude that the appellant has shown no error by the administrative judge in sustaining the agency's action and affirming her removal from the position of Advanced Medical Support Assistant.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27,

---

[4] The appellant also asserts for the first time on review that the agency improperly and inadvertently disclosed patient information during the course of the Board appeal. PFR File, Tab 5 at 23-24. However, because that issue is not before the Board, we need not address it.

2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703 ) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                          _____
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.